No. 22368.

Sammie Jefferson Franklin, Jr. v. The People of the State of Colorado.

(432 P.2d 770)

Decided October 30, 1967.

CARL FELDHAMER, JORDAN HOCHSTADT, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, GEORGE E. DEROOS, Assistant, PAUL D. RUBNER, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

ON February 17, 1961, plaintiff in error, Sammie Jefferson Franklin, Jr., hereinafter called Franklin, was found insane by a jury after a plea of not guilty by reason of insanity to charges of burglary, larceny, receiving stolen property, and larceny by bailee.

Thereafter he was committed to the State Hospital. On March 30, 1964, after a hearing pursuant to C.R.S. 1963, 39-8-4, Franklin was placed on probation for a period of five years. In May, 1964, the probation was revoked and Franklin was ordered recommitted to the State Hospital.

In 1965, Franklin again applied for a hearing to determine his sanity. There is nothing in the record to show that a letter from the Superintendent of the State Hospital was filed advising the court that in his judgment the defendant was no longer insane. Such a letter is a prerequisite to a hearing under C.R.S. 1963, 39-8-4. *Bartosik v. People,* 155 Colo. 219, 393 P.2d 571. The People did not, however, raise this objection at the trial court level, presumably because such letter was in the file, although it is, as we have said, not in the record before us.

A hearing on Franklin's application for release from commitment was held on November 5, 1965. At the opening of the hearing, the trial judge announced that he would be governed by the tests for determination of sanity contained in an amendment to C.R.S. 1963,

39-8-4, which became effective June 2, 1965. Counsel for Franklin objected to this procedure and contended that the tests contained in the statute before the 1965 amendment were those applicable to this case.

Franklin called as his witness a psychiatrist, Dr. McDonald, who testified that under the new law Franklin was presently insane and not eligible for release. Counsel for Franklin made no attempt to question Dr. McDonald as to whether Franklin was insane under the tests of the old law, nor did he make an offer of proof that Dr. McDonald would testify that he was sane and eligible for release under the old law. Another psychiatrist, Dr. Black, was called by the People and testified that Franklin was insane under the new law, but upon cross-examination he testified that Franklin was also insane under the old law.

At the conclusion of the hearing, the trial court found that Franklin was still insane under the old law, as well as under the new law, and ordered Franklin returned to custody. Franklin contends here that it was error for the trial court to apply the tests for release contained in the new law.

We hold, and the Attorney General agrees, that it is absolutely clear that the 1963 amendment to C.R.S. 1963, 39-8-4 cannot, by the very terms of the amendment itself, apply to one whose confinement by reason of insanity arose from an alleged crime committed before the effective date of the amendment. 1965 Perm. Supp. C.R.S. 1963, 39-8-5. The trial court was in error in holding that the 1965 statute did apply to Franklin.

That error, however, does not constitute reversible error in this case because (1) Franklin did not, by testimony or offer of proof, submit anything which would go to prove that he was eligible for release under the tests of the old law, and (2) the trial court found, and there was testimony from Dr. Black to sustain that finding, that Franklin was insane under the old law as well as under the new. Under such circumstances,

the error of the trial court was not prejudicial and therefore was not reversible error.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE MCWILLIAMS concurring.